UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**

NOV _ 5 2014

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

| | |
|---|---|
| Leona Cosby, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 14-1855 |
| | ) |
| Social Security, | ) |
| | ) |
| Defendant. | ) |
| | ) |

MEMORANDUM OPINION

This matter is before the Court on its initial review of the plaintiff's *pro se* Complaint and

application to proceed *in forma pauperis*. The Court will grant the *in forma pauperis* application

and dismiss the case because the complaint fails to meet the minimal pleading requirements of

Rule 8(a) of the Federal Rules of Civil Procedure.

*Pro se* litigants must comply with the Federal Rules of Civil Procedure. *Jarrell v. Tisch*,

656 F. Supp. 237, 239 (D.D.C. 1987). Rule 8(a) of the Federal Rules of Civil Procedure requires

complaints to contain "(1) a short and plain statement of the grounds for the court's jurisdiction

[and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief."

Fed. R. Civ. P. 8(a); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009); *Ciralsky v. CIA*, 355

F.3d 661, 668-71 (D.C. Cir. 2004). The Rule 8 standard ensures that defendants receive fair

notice of the claim being asserted so that they can prepare a responsive answer and an adequate

defense and determine whether the doctrine of *res judicata* applies. *Brown v. Califano*, 75

F.R.D. 497, 498 (D.D.C. 1977).

Plaintiff is a District of Columbia resident suing the Social Security Administration. In the one-page complaint, plaintiff alleges that while waiting in line to see a case worker, "a man hit me in the right shoulder. I fell to my left and man court [sic] me before I hit the wall and floor." She seeks $500,000 in monetary damages.

The alleged facts provide no basis for recovery against the named defendant-agency. Regardless, the Court cannot exercise jurisdiction over any damages claim against a United States agency prior to the plaintiff's exhaustion of administrative remedies under the Federal Tort Claims Act (FTCA), which is not apparent from the instant complaint. *See* 28 U.S.C. § 2675 (exhaustion procedures); *Abdurrahman v. Engstrom*, 168 Fed.Appx. 445, 445 (D.C. Cir. 2005) (per curiam) (affirming the district court's dismissal of unexhausted FTCA claim "for lack of subject matter jurisdiction"); *accord Simpkins v. District of Columbia Gov't*, 108 F.3d 366, 371 (D.C. Cir. 2007). Hence, this case will be dismissed. A separate Order accompanies this Memorandum Opinion.

United States District Judge

Date: November 4th, 2014

2